IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                   No. 2:13-cr-2459-001 RB

CHRISTOPHER ANDRES AGUIRRE,
a/k/a "Chris Rodriguez,"

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Objections to the Presentence Report Concerning Prior Conviction (Doc. 29), and Defendant's Objections to Proposed Conditions of Supervised Release in the Presentence Report (Doc. 30). On September 7, 2016, the Court continued the sentencing hearing and ordered counsel to submit supplemental briefs. No supplemental briefs were filed and the sentencing hearing has been reset for April 4, 2017. Having considered the submissions of counsel and being fully advised, the Court will overrule Defendant's Objections.

**I.  Background**

The Indictment charged Defendant with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (2) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (Doc. 12.) On November 6, 2013, Plaintiff pleaded guilty to both counts pursuant to a plea agreement. (Doc. 23.) The plea agreement stipulated that Defendant would be sentenced to fifteen years, or 180 months. (*Id*.) The plea agreement was negotiated based on the assumption that Defendant would

be classified as an armed career criminal. (Doc. 26.) Subsequently, it was determined that Defendant should not be classified as an armed career criminal and Defendant's advisory guideline sentencing range was amended to 110 to 120 months. (*Id.*) On February 18, 2015, Defendant filed an unopposed Motion to Withdraw Plea Agreement Only, in which he asked to proceed to sentencing based on his guilty plea, and requested that the Court impose a sentence of 110 months. (*Id.*) On September 12, 2016, the Court granted Defendant's Motion to Withdraw Plea Agreement Only. (Doc. 49.)

The Presentence Report grouped the two counts and determined that the base offense level for the crime of being a felon in possession of a firearm was 24 because Defendant had committed that offense "subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). (*See also* PSR ¶15). Notably, the Presentence Report found that Defendant had three prior convictions that qualify as crimes of violence: (1) retaliation against a federal officer by threatening or injuring a family member; (2) conspiracy to commit robbery; and (3) armed robbery. (PSR ¶15). After assessing a four-level special-offense-characteristic increase because the firearm had an obliterated serial number, *see* U.S.S.G. § 2K2.1(b)(4)(B), the Presentence Report credited Defendant with 3 points for acceptance of responsibility and concluded that his total offense level was 25. Due to his prior convictions, Defendant was placed in criminal history category VI. A total offense level of 25 and a criminal history category VI result in a guideline sentencing range of 110 to 120 months.

Defendant objects to the conclusion that his prior conviction for conspiracy to commit robbery qualifies as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(2). (Doc. 29.) The Government responds that Defendant's prior conviction for conspiracy to commit robbery

qualifies as a crime of violence within the meaning of U.S.S.G. § 2K2.1(a)(2). (Doc. 33.) Additionally, Defendant objects to the standard conditions of release. (Doc. 30.) However, at the hearing of September 7, 2016, defense counsel acknowledged that the proposed conditions were standard. The Government filed a response stating that the proposed conditions of release are proper. (Doc. 31.)

## II.   Discussion

### A.   Defendant has at least two prior felony convictions that qualify as crimes of violence.

Defendant asserts that his prior conviction for conspiracy to commit armed robbery in violation of New Mexico law does not qualify as a crime of violence within the meaning of U.S.S.G. § 2K2.1(a)(2). It is not necessary to determine whether this prior conviction qualifies as a crime of violence, however, because Defendant does not dispute that he has two other felony convictions that qualify as crimes of violence. (Doc. 29.)

U.S.S.G. § 2K2.1(a)(2) provides that a base offense level of 24 applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substance offense . . . ." U.S.S.G. § 2K2.1(a)(2). Defendant does not dispute that his prior felony convictions of (1) retaliation against a federal officer by threatening or injuring a family member, and (2) armed robbery qualify as crimes of violence within the meaning of U.S.S.G. § 2K2.1(a)(2). In that Defendant has at least two prior felony convictions that qualify as crimes of violence, the Presentence Report correctly determined that Defendant's base offense level is 24.

**B.   The special conditions of release proposed in the Presentence Report are proper.**

Defendant objects to several standard conditions of supervised release proposed in the Presentence Report including (1) obtaining the probation officer's permission before leaving the jurisdiction; (2) reporting to the probation officer; (3) being truthful and following the instructions of the probation officer; (4) supporting his dependents and meeting family responsibilities; (5) maintaining lawful employment; (6) reporting changes in residence to the probation officer; (7) refraining from the excessive use of alcohol; and (8) not frequenting places where controlled substances are illegally sold, used, distributed, or administered. (Doc. 30.)

District courts have broad discretion to impose special conditions of supervised release. *See United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). The limits of that discretion are prescribed by 18 U.S.C. § 3583(d), which requires the conditions (1) be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. §§ 3553(a), 3583(d); *Mike*, 632 F.3d at 692. The proposed conditions of release to which Defendant objects are standard conditions of supervised release that satisfy the statutory requirements. Accordingly, Defendant's objections are without merit.

### III. Conclusion

The Court finds that because Defendant has at least two prior felony convictions that qualify as crimes of violence, the Presentence Report correctly determined that Defendant's base offense level is 24. The Court further finds that the conditions of release proposed in the Presentence Report are proper.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Objections to the Presentence Report Concerning Prior Conviction (Doc. 29), and Defendant's Objections to Proposed Conditions of Supervised Release in the Presentence Report (Doc. 30) are **OVERRULED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**