IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                          No. 13-cr-2459 RB

CHRISTOPHER ANDRES AGUIRRE,
a.k.a. "Chris Rodriguez,"

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial, filed on April 18, 2017. (Doc. 65.) The Government did not file a response to this motion. Having considered the motion, relevant law, and being fully advised, the Court will deny the motion.

**I.**      **Background**

The Indictment charged Defendant with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (2) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (Doc. 12.) On November 6, 2013, Plaintiff pleaded guilty both counts pursuant to a plea agreement. (Doc. 23.) The plea agreement stipulated that Defendant would be sentenced to fifteen years, or 180 months. (*Id.*) The plea agreement was negotiated based on the assumption that Defendant would be classified as an armed career criminal. (Doc. 26.) Subsequently, it was determined that Defendant should not be classified as an armed career criminal and Defendant's guideline sentencing range was 110 to 120 months. (*Id.*) On February 18, 2015, Defendant filed an unopposed Motion to Withdraw Plea Agreement Only, in which he asked to proceed to

sentencing based on his guilty plea, and requested that the Court impose a sentence of 110 months. (*Id.*)

The Presentence Report grouped the two counts and determined that the base offense level for felon in possession of a firearm was 24 because Defendant had committed that offense "subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2); (PSR ¶ 15.) Notably, the Presentence Report found that Defendant had three prior convictions that qualify as crimes of violence: (1) retaliation against a federal officer by threatening or injuring a family member; (2) conspiracy to commit robbery; and (3) armed robbery. (PSR ¶ 15.) After assessing a four-level special-offense-characteristic increase because the firearm had an obliterated serial number, *see* U.S.S.G. § 2K2.1(b)(4)(B), the Presentence Investigation Report calculated Defendant's adjusted offense level as 28. The Presentence Report credited Defendant with 3 points for acceptance of responsibility and concluded that his total offense level was 25. Due to his prior convictions, Defendant was placed in criminal history category VI. A total offense level of 25 and a criminal history category VI resulted in an advisory sentencing guideline range of 110 to 120 months.

Defendant objected to the conclusion that his prior conviction for conspiracy to commit robbery qualified as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(2). (Doc. 29.) The Government responded that Defendant's prior conviction for conspiracy to commit robbery qualified as a crime of violence. (Doc. 33.) The Court decided that it was unnecessary to determine whether the prior conviction for conspiracy to commit robbery qualified as a crime of violence because Defendant did not dispute that he had two other felony convictions that qualified as crimes of violence, namely (1) retaliation against a federal officer by threatening or injuring a family member and (2) armed robbery.

United States Sentencing Guideline § 2K2.1(a)(2) provides that a base offense level of 24 applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(2). Defendant did not dispute that his prior felony convictions of (1) retaliation against a federal officer by threatening or injuring a family member and (2) armed robbery qualified as crimes of violence within the meaning of U.S.S.G. § 2K2.1(a)(2). In that Defendant had at least two prior felony convictions that qualified as crimes of violence, the Court held that the Presentence Report correctly determined that Defendant's base level offense is 24 pursuant to U.S.S.G. § 2K2.1(a)(2). (Doc. 54.)

On April 4, 2017, the Court sentenced Defendant to a term of 110 months imprisonment as to as to Count 1, a term of 60 months imprisonment as to Count 2, with said terms to run concurrently, for a total term of 110 months. (Doc. 60.) On April 11, 2017, Defendant filed a notice of appeal. (Doc. 62.)

On April 18, 2017, Defendant filed the Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial. (Doc. 65.) Therein, Defendant contends that his prior conviction of retaliation against a federal officer by threatening or injuring a family member, in violation of 18 U.S.C. § 115(b)(4), does not qualify as a violent felony based on *United States v. Ama*, 2017 WL 1325247 (10th Cir. April 11, 2017) (holding that a conviction of assault on a federal employee in violation of 18 U.S.C. § 111 did not qualify as a violent felony under the ACCA).

On April 28, 2017, the Court of Appeals issued an Order stating that the notice of appeal will not become effective until the district court disposes of the Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial. (Doc. 72.) The time for the government to

respond to the Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial expired on May 5, 2017. The government did not file a response.

**II.     Discussion**

Defendant invokes Rule 29 of the Federal Rules of Criminal Procedure in support of his motion. (Doc. 65.) Rule 29 permits the defendant in a jury trial, after the government closes its evidence or after the close of all evidence, to move for judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. *See* Fed. R. Crim. P. 29(a). Additionally, after a jury verdict or discharge, a defendant may move for a judgment of acquittal or renew such a motion within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. *See* Fed. R. Crim. P. 29(c). Defendant pleaded guilty and no jury trial occurred. Therefore, Rule 29 does not provide a basis for relief.

In the body of his motion, Defendant relies on Rule 33 of the Federal Rules of Criminal Procedure. (Doc. 65.) A defendant may not invoke Rule 33 after he has pleaded guilty. *See United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979). In this case, Defendant pleaded guilty and there was no trial. In that "the validity of a guilty plea cannot be questioned by way of a motion for new trial," relief is unavailable under Rule 33. *Id.*

It bears underscoring that a district court does not have inherent authority to modify a previously imposed sentence; it may do so "only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *see also United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c) provides three avenues for a district court to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Specifically, a district court may modify the sentence (1) "upon motion of the Director of the Bureau of Prisons," § 3582(c)(1)(A); (2) "to the extent

4

otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); or (3) where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). The first and third avenues are plainly inapplicable here. As explained below, so is the second one.

Section 3582(c)(1)(B) allows a district court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 28 U.S.C. § 3582(c)(1)(B). Defendant does not rely on a statute; rather he relies on the recently decided case of *United States v. Ama*, 2017 WL 1325247 (10th Cir. April 11, 2017). This case is not a jurisdiction-conferring statute that would permit the court to modify his sentence. Thus, Defendant's reliance on *Ama* does not vest the Court with jurisdiction to reduce his sentence.

Additionally, Defendant has not raised a Rule 35 argument to justify a sentence reduction under § 3582(c)(1)(B). Rule 35 allows the Court to reduce a defendant's sentence in two particular instances: (1) "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing," and (2) upon the government's motion the court may reduce a sentence if the defendant provided substantial assistance to the government after sentencing. Fed. R. Crim. P. 35. Neither instance applies here. No clear error has been identified and the government has made no motion for a reduction based on substantial assistance. Thus, Rule 35 is inapplicable.

Defendant has not identified any alternative source of jurisdiction. Without an express statutory source, the Court lacks jurisdiction to entertain his motion for a sentence reduction. *See Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").

**III.    Conclusion**

The Court lacks jurisdiction to modify Defendant's sentence.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Rule 29 Motion for Judgment of Acquittal or in the Alternative Motion for New Trial, filed on April 18, 2017, (Doc. 65) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**